## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| KEVIN MCGEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:24-CV-00013 SPM |
| | ) |
| DONNA ANDERSON, et al., | ) |
| | ) |
| Defendants. | ) |

### OPINION, MEMORANDUM AND ORDER

Before the Court is plaintiff Kevin McGee's motion seeking leave to proceed in forma pauperis in this civil action. After review of the financial information provided by plaintiff, the Court will grant the motion. Additionally, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

District courts are required to review a complaint filed in forma pauperis, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief

above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. District courts must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

Federal courts liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone,* 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is in the custody of the Missouri Department of Mental Health (MDMH). At present, he receives care at the Southeast Missouri Mental Health Center in Farmington, Missouri. Plaintiff is a frequent pro se and in forma pauperis litigator in this Court.

2

Plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983 against Donna Anderson, the CEO of MDMH, and Felix Vincenz, the COO of MDMH. Plaintiff sues both defendants in their official capacities. Plaintiff alleges as follows.

Plaintiff asserts that he was subject to false arrest on December 27, 1987, by Officer Zebedee Williams. He does not provide any details relative to his arrest, but he claims that after he was arrested, he was transported to Jackson County Jail in Cape Girardeau, Missouri. Inexplicably, plaintiff alleges that from his home at "135 S. Spanish" in an undisclosed town in Missouri, it took six days for officers to transport him to the Jackson County Jail.

At the Jackson County Jail, plaintiff alleges that he was approached by another inmate, Rich Hill, who was a "snitch." Hill purported "bait[ed]" him for information about plaintiff's live-in girlfriend, "in order to get himself bailed out."

For relief, plaintiff states that he would like "to have a jury trial, where [he] open[s] with…facts of [his] current [detainment]." Plaintiff states that he does not have any physical injuries.

**Plaintiff's Prior Litigation in This Court**

Plaintiff Kevin McGee is a frequent litigator in this Court. This is his fifteenth (15th) civil action brought pursuant to 42 U.S.C. § 1983 in which he alleges violations of his civil rights. Plaintiff has also filed eighteen (18) applications for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 in which he seeks release from confinement.

From a review of the record before this Court, plaintiff has alleged in previous actions that in 1988, he pled guilty by mental disease or defect (NGRI) to third degree misdemeanor assault and flourishing a deadly weapon in the Circuit Court of Cape Girardeau County, Missouri. The state accepted plaintiff's plea and, pursuant to Missouri Revised Statute § 552.030, the Missouri

3

State Court ordered plaintiff committed to the custody of the Director of the Missouri Department of Mental Health on June 8, 1988. Plaintiff did not appeal the judgment.

If plaintiff wants to seek release from confinement from MDMH, plaintiff's recourse at this juncture is to petition for conditional or unconditional release pursuant to Mo.Rev.Stat. § 552.040 through habeas corpus after exhausting his administrative remedies.

**Discussion**

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In this case, plaintiff has named Donna Anderson and Felix Vincenz as defendants, and he is only asserting official-capacity claims. However, neither the complaint nor any of plaintiff's filings contain allegations that can be construed as an attempt to seek prospective injunctive relief against Anderson or Vincez.

To the extent plaintiff can be understood to sue Anderson and Vincenz for damages, they are not "persons" for purposes of a § 1983 suit, *see Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), and the Eleventh Amendment would bar such a suit. *See Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1984).

Even if plaintiff had sued Anderson and Vincenz in their individual capacities, the complaint would be subject to dismissal. Plaintiff has listed Anderson and Vincenz as defendants, but there are no allegations that Anderson and Vincenz engaged in any specific act or conduct that deprived plaintiff of a federally-protected or constitutional right. Therefore, the complaint fails to state a valid § 1983 claim against them. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the

4

complaint is silent as to the defendant except for his [or her] name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of pro se complaint against defendants who were merely listed as defendants in the caption and there were no allegations of constitutional harm against them). The Court therefore concludes that the complaint fails to state a claim upon which relief may be granted against Anderson and Vincenz.

To the extent that the complaint could be construed as suing the Missouri Department of Mental Health, plaintiff's complaint also fails to state a claim. The MDMH is a department of the State of Missouri. The Eleventh Amendment shields this defendant from suit. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment shields States, and their agencies and departments, from suit in federal court. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment's immunity bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *See Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (determining that a district court erred in allowing plaintiff to proceed against the state university for injunctive relief, and remanding matter to the district court for dismissal).

There are two "well-established exceptions" to Eleventh Amendment immunity. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). The first is "where Congress has statutorily

abrogated such immunity by clear and unmistakable language." *Id*. The second is when a State waives its immunity to suit in federal court. *Id*. at 65. A State will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987).

Neither exception applies in this case. As to the first exception, the Supreme Court has determined that 42 U.S.C. § 1983 does not abrogate a State's Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"). As to the second exception, there has been no waiver of immunity for this type of case. *See* Mo. Rev. Stat. § 537.600 (explaining that sovereign immunity is in effect and providing exceptions). Therefore, to the extent plaintiff can be understood to assert claims against the Missouri Department of Mental Health for any type of relief, such claims are barred by the Eleventh Amendment.

In the complaint, plaintiff claims that he was falsely arrested on December 27, 1987, by Officer Zebedee Williams. As noted above, however, plaintiff has admitted in prior litigation in this Court that he pled guilty by reason of insanity to the charges for which he was arrested by Officer Zebedee in December of 1987. *See State of Missouri v. McGee*, No. CR-587-1152. To the extent that plaintiff is attempting to relitigate his NGRI plea which he entered in Cape Girardeau County in 1988, he may not do so. *See Curry v. Overholser*, 287 F.2d 137, 139–40 (D.C. Cir. 1960) ("Having thus elected to make himself a member of that 'exceptional class' of persons who seek verdicts of not guilty by reason of insanity, [the defendant] cannot now be heard to complain of the statutory consequences of his election.... no direct attack upon [the acquittal] is possible")

6

(citations omitted); *Archuleta v. Hedrick*, 365 F.3d 644, 648 (8th Cir. 2004) ("Archuleta may not collaterally attack his decision to assert a successful insanity defense") (citing *Curry*); *see also United States v. Tucker*, 153 Fed. App'x 173, 175 (4th Cir. 2005) (per curiam) (citing *Curry*); *Ruston v. Jett,* No. 14-cv-1891, 2015 WL 1223669 at *2 (D. Minn. Mar. 17, 2015) (rejecting defendant's attempt to appeal his insanity defense as coerced because a defendant "may not collaterally attack his decision to assert a successful insanity defense") (citing *Archuleta* and *Curry*). That said, a defendant may still challenge his confinement in habeas proceeding.[1] *See Curry*, 287 F.2d at 140 (finding that the defendant could not appeal his successful acquittal by reason of insanity but could challenge his confinement). As such, plaintiff's claims of "false arrest" are noncognizable in this action.

For the foregoing reasons, the Court concludes that plaintiff's 42 U.S.C. § 1983 complaint is subject to dismissal. This is not a situation in which the defects of the complaint could be cured by amendment. Therefore, the Court will dismiss this action at this time, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AS MOOT**.

---

[1] If plaintiff wishes to seek such relief, he may file an application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 after exhausting available state remedies.

7

**IT IS HEREBY CERTIFIED** that an appeal from this Order would not be taken in good faith.

Dated this 5th  day of January, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE